# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN ANDRE BAZILE,

    Petitioner,

vs.

DWIGHT NEVEN, et al.,

    Respondents.

Case No. 2:05-CV-00863-KJD-(GWF)

**AMENDED ORDER**

       Before the Court are Respondents' Motion to Dismiss (#12) and Petitioner's Response (#13). The Court grants the Motion (#12) because Petitioner has not exhausted his state-court remedies for Ground One of the Petition for a Writ of Habeas Corpus (#6).

       Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

       "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he characterized the claims he raised in state proceedings specifically as federal claims. In short, the petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir. 2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001). Citation to state case law

which applies federal constitutional principles will also suffice. Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion. Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

After a jury trial, Petitioner was convicted of first degree murder with the use of a deadly weapon. Ex. E (#12-2, p. 21).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. I (#12-4, p. 16). Petitioner then filed a state habeas corpus petition. Ex. K (#12-5 through #12-9). The state district court denied the petition. Ex. P (#12-11, p. 22). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. T (#12, 12, p. 26).

Ground One is a claim of ineffective assistance of counsel, divided into six (6) sub-claims. Respondents note that Petitioner presented the same claim to the district court in his state habeas corpus petition. Motion to Dismiss, p. 6 (#12-1). The district court dismissed almost all of the grounds. It conducted an evidentiary hearing on the remaining claim that trial counsel had failed to investigate and present evidence that the witness to the murder, Kimberly Fondi,[2] was actually the killer. Ex. P, p. 2 (#12-11, p. 24). When the trial court denied that claim, it noted, "One who would claim ineffective assistance of counsel must bear the burden of showing by <u>strong and convincing evidence</u> that some specific decision of counsel fell below an objective standard of reasonableness and that but for the failings of counsel a different result was likely." Id., p. 3 (#12-11, p. 25) (citing Strickland v. Washington, 466 U.S. 668 (1984) (emphasis added). On appeal to the Nevada Supreme Court, Petitioner did not present the substance of any of his claims. Instead, he argued that the district court committed two legal errors: (1) The correct burden of proof was preponderance of the evidence, not strong and convincing evidence; and (2) dismissal pursuant to Rule 41(b) of the

---

[1] All exhibits are attached to the Motion to Dismiss (#12). Page numbers in parentheses refer to the Court's electronic image file.

[2] Her surname is also spelled "Fondy" in court records.

Nevada Rules of Civil Procedure was incorrect.[3]  Ex. R, pp. 3-5 (#12-12, pp. 8-10).  The Nevada Supreme Court noted that after Petitioner's conviction had become final, it had determined that a preponderance of the evidence was the correct burden of proof for disputed factual allegations underlying a claim of ineffective assistance of counsel.  Ex T, p. 2 (#12-12, p. 27) (citing Means v. State, 103 P.2d 25 (Nev. 2004)).  The court then held:

> However, even assuming Means applies to Bazile's case, we conclude that Bazile failed to demonstrate that applying this lesser burden of proof would have entitled him to relief.  In rejecting Bazile's claims that his counsel was ineffective for failing to investigate and present evidence exonerating him and for advising him not to testify at trial, the district court found:  that Bazile failed to present any evidence additional investigation would have uncovered; that Bazile had confessed to the police, the news media, and at least two other people; and that Bazile failed to identify any flaw in his counsel's advice that he not testify at trial.  The district court's findings of fact regarding claims of ineffective assistance of counsel are entitled to deference upon appellate review.  Bazile produced no evidence on appeal casting doubt on the district court's findings.  Accordingly, we conclude that no relief is warranted in this regard.

Ex. T, pp. 2-3 (#12-12, pp. 27-28).

The Court agrees with Respondents.  Petitioner's issues on his habeas corpus appeal were questions about the burden of proof and the method of dismissal of his petition.  Petitioner did not alert the Nevada Supreme Court that he was presenting the actual federal issue of ineffective assistance of counsel.  The Nevada Supreme Court's decision only compares the burden of proof that the district court used with the correct burden of proof.  Nowhere in its decision does it hint that it was considering on its own initiative the federal issue of ineffective assistance of counsel.  Consequently, Petitioner has not exhausted his available remedies in state court for Ground One.

The Petition (#6) is mixed, containing both claims exhausted in state court and claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss the unexhausted Ground 1 and proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while he returns to state court to exhaust Ground 1, or he may

---

[3]At the time, Rule 41(b) allowed the defendant to move to dismiss on the basis that the plaintiff had failed to prove a sufficient case.

move to stay this action while he returns to state court to exhaust Ground 1.  If Petitioner chooses the last option, he must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).

Petitioner has also submitted a Motion for Appointment of Counsel (#14). Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief.  18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the Petition (#6), the Court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss (#12) is **GRANTED**.

IT IS FURTHER ORDERED that Petitioner shall have thirty (30) days from the date of entry of this Order to do one of the following:  (1) inform this Court in a sworn declaration that he wishes to dismiss Ground 1 of his Petition (#6), and proceed only on the remaining grounds for relief, (2) inform this Court in a sworn declaration that he wishes to dismiss his Petition (#6) to return to state court to exhaust his state remedies with respect to the claims set out in Ground 1 of his Petition (#6), or (3) move to stay this action while he returns to state court to exhaust his state remedies with respect to the claims set out in Ground 1 of his Petition (#6).  Failure to comply will result in the dismissal of this action.

IT IS FURTHER ORDERED that if Petitioner elects to dismiss the aforementioned grounds of his Petition (#6) and proceed on the remaining grounds, Respondents shall file and serve an answer or other response to the remaining grounds within thirty (30) days after Petitioner serves

his declaration dismissing those grounds.  If Respondents file and serve an answer, it shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

      IT IS FURTHER ORDERED that if Respondents file and serve an answer, Petitioner shall have thirty (30) days from the date on which the answer is served to file and serve a reply.

      IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel (#14) is **DENIED**.

      DATED this 26 day of June, 2006.

                                                KENT J. DAWSON
                                                United States District Judge